# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 4:00-CR-305 CAS |
| v. ) | |
| KEVIN KNOWLES, ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on defendant Kevin Knowles' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion.

Defendant's motion asks the Court to give retroactive effect to Amendment 433 under United States Sentencing Guidelines § 1B1.10(d) and reduce his sentence from 188 months to the range of 70-87 months. Defendant asserts that the United States Sentencing Commission designated Amendment 433 as one that may be applied retroactively. Defendant also contends that his sentence was improperly enhanced based on career offender status, because the underlying predicate violation of unlawful possession of a weapon is not a "crime of violence."

The government responds that defendant's motion should be denied because none of the conditions set forth in 18 U.S.C. § 3582(c) which permit a court to modify a term of imprisonment have been met in this case. The government states that while 18 U.S.C. § 3582(c)(2) authorizes a district court to modify a term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to Title 28, United States Code, Section 994(o) . . .", defendant was not sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. The government states that defendant's Sentencing Guidelines calculation would be the same now as it was when he was sentenced, as Amendment 433 was promulgated in November 1992, long before defendant's sentencing in May 2001. The government also notes that the instant motion

repeats the arguments defendant made concerning his Career Offender status at sentencing and in his motion pursuant to 28 U.S.C. § 2255, see Knowles v. United States, 4:01-CV-1785 CAS (E.D. Mo.)

The Court has carefully reviewed the file in this matter and concludes that 18 U.S.C. § 3582(c)(2) provides no basis for a sentence reduction for this defendant, as there have been no amendments to the Guidelines since defendant was sentenced on May 25, 2001 which might reduce his sentence. As the government correctly observes, and defendant concedes in his motion, Amendment 433 was in effect at the time defendant was sentenced. Moreover, the Court rejected defendant's contentions concerning his Career Offender Status in the motion filed under § 2255 in Case No. 4:01-CV-1785 CAS (Mem. and Order of May 1, 2003), and the Eighth Circuit has rejected defendant's applications to file successive habeas petitions in both his criminal case and the § 2255 proceeding.

For these reasons, the Court concludes that defendant's motion to reduce sentence should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kevin Knowles' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 55]

                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of October, 2006.