**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:00-CR-305 CAS |
| ) | |
| KEVIN KNOWLES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Kevin Knowles' "Motion for Reduction of Sentence Pursuant to Title 18 United States Code Section 3582(c)(2) Amendment 706/711 Memorandum of Points and Authorities." This is the second motion defendant has filed pursuant to § 3582(c)(2). The government opposes the motion. Defendant has not filed a reply memorandum and the time to do so has passed. The motion will be denied for the following reasons.

**Background**

Defendant Knowles was sentenced in May 2001 as a career offender, to a term of 188 months imprisonment and four years of supervised release. Knowles filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on March 3, 2008, and the Court appointed counsel to represent him on the motion. On April 2, 2008, the Court issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 63), denying Knowles' § 3582(c)(2) motion. In the original § 3582 motion, Knowles asked the Court to give retroactive effect to Amendment 433 to the United States Sentencing Guidelines, and contended that his sentence was improperly enhanced

based on career offender status because the underlying predicate violation of unlawful possession of a weapon was not a "crime of violence."

The Court concluded § 3582(c)(2) provided no basis for a sentence reduction because Amendment 433 was in effect at the time Knowles was sentenced. The Court stated that it had previously rejected Knowles' contentions concerning his career offender status in the motion to vacate, set aside or correct sentence he filed pursuant to 28 U.S.C. § 2255, see Knowles v. United States, 4:01-CV-1785 CAS (E.D. Mo.) (Mem. and Order of May 1, 2003), and that the Eighth Circuit had rejected defendant's applications to file successive habeas petitions in both his criminal case and the § 2255 proceeding.

**Discussion**

In the instant motion under § 3582(c)(2), Knowles argues that his offense level and Guidelines range can be reduced because his sentencing range was initially derived from the drug quantity table before it was increased by the career offender provision, and therefore his sentence was "based on" the sentencing range established under § 2D2.1. This argument is without merit. Defendant's sentence was calculated in the same manner as that of any other person sentenced as a career offender, and the Eighth Circuit has squarely held that the Guidelines amendments do not apply to persons sentenced as career offenders. See United States v. Tolliver, __ F.3d __, 2009 WL 1919617, *4 (8th Cir. July 7, 2009) (career offender range was not lowered by Amendment 706); United States v. Tingle, 524 F.3d 839, 840 (8th Cir.) (per curiam) (Amendment 706 not applicable where defendant was sentenced as a career offender), cert. denied, 129 S. Ct. 473 (2008); United States v. Primers, 277 F. App'x 639, 639 (8th Cir. 2008) (per curiam) (same). Defendant was properly sentenced as

2

a career offender, his sentence is unaffected by the Guideline amendments, and therefore he is ineligible for sentence reduction under 18 U.S.C. § 3582(c).

To the extent defendant argues the Court has authority to modify his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005), this argument is without merit. The rule announced in Booker does not apply to criminal convictions that became final before the rule was announced, such as defendant's, and thus does not apply retroactively to cases on collateral review. Ausler v. United States, 545 F.3d 1101, 1105 (8th Cir. 2008) (citing Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam)).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kevin Knowles' "Motion for Reduction of Sentence Pursuant to Title 18 United States Code Section 3582(c)(2) Amendment 706/711 Memorandum of Points and Authorities" is **DENIED**. [Doc. 68]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of July, 2009.